# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Chapter 11 |
| GT ADVANCED TECHNOLOGIES INC., et al.[1] | Case No. 14-11916-CJP (Lead Case) |
| Reorganized Debtor(s) | (Jointly Administered) |
| GTAT CORPORATION, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 16-_____-CJP |
| NAVIGANT CONSULTING, INC., | |
| Defendant. | |

## COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS

GT Advanced Technologies Inc. and its affiliates (collectively, "**GTAT**" or the "**Reorganized Debtors**" or "**Plaintiffs**"), by and through their undersigned counsel, file this complaint (the "**Complaint**") to avoid and recover certain transfers made by Plaintiffs to or for the benefit of NAVIGANT CONSULTING, INC. (the "**Defendant**"), on knowledge as to themselves and as to all other matters on information and belief, respectfully alleges:

## NATURE OF THE ACTION

1. Plaintiffs seek a money judgment relating to certain avoidable transfers identified on **Exhibit 1** attached hereto that were made by Plaintiffs to Defendant during the ninety (90) day period preceding the commencement of the Debtors' bankruptcy cases (each transfer, an

---

[1] The Reorganized Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), and GT Advanced Technologies Limited (1721). The Reorganized Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

"**Avoidable Transfer**" and, collectively, the "**Avoidable Transfers**"), in the aggregate amount of $9,796.50.

2. Plaintiffs seek entry of a judgment against Defendant: (i) avoiding (a) pursuant to 11 U.S.C. (the "**Bankruptcy Code**") § 547(b), preferential transfers to or for the benefit of the Defendant, or, in the alternative, subject to proof, (b) pursuant to Bankruptcy Code § 548(a)(1)(B) any transfers that may have been fraudulent transfers; (ii) pursuant to Bankruptcy Code § 550(a), directing Defendant to pay to Plaintiffs an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (iii) pending such payment, disallowing any claim of Defendant against Plaintiffs pursuant to Bankruptcy Code § 502(a)-(j) ("**Section 502**").

3. To the extent that Defendant has filed a proof of claim or has a claim listed on the Plaintiffs' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Reorganized Debtors' estates (collectively, the "**Claims**"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiffs' rights to object to such Claims for any reason including, but not limited to, Bankruptcy Code § 502, and such rights are expressly reserved.

## JURISDICTION AND VENUE

4. This adversary proceeding relates to the Chapter 11 cases of *GT Advanced Technologies Inc.,* Case No. 14-11916-CJP (jointly administered), pending in the United States Bankruptcy Court for the District of New Hampshire (the "**Court**").

5. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334(b).

6. The statutory and legal predicates for the relief sought herein are Bankruptcy Code Sections 502, 547, 548 and 550 and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7. This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The Reorganized Debtors consent to entry of final orders and judgments by the Court in this adversary proceeding.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

## PROCEDURAL AND FACTUAL BACKGROUND

10. On October 6, 2014 (the "**Petition Date**"), GTAT and its affiliates each commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). Thereafter, the Debtors continued to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

11. On October 14, 2014, the Office of the United States Trustee for the District of New Hampshire (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.

12. On March 8, 2016, the Court entered that certain order [Docket No. 3310] (the "**Confirmation Order**") confirming the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code, Dated March 7, 2016 (the "**Plan**"). On March 17, 2016, the Plan became effective and was substantially consummated (the "**Effective Date**"). See *Notice of Occurrence of Effective Date of Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, Dated March 7, 2016* [Docket No. 3353]. Sections 8.9 and 8.13 of the Plan provide that the Reorganized Debtors retain and may commence and prosecute Avoidance Actions. Further, such Avoidance Actions may be brought in this Court in accordance with Article XV(b) of the Plan.

13. During the ninety (90) days before the Petition Date, that is between July 8, 2014 through and including October 6, 2014 (the "**Preference Period**"), Plaintiffs continued to operate their business affairs, including the transfer of property, either by checks, cashier checks,

3

wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

14. During the course of their relationship, the Plaintiffs and Defendant entered into agreements, evidenced by invoices, communications and other documents (collectively, the "**Agreements**"), pursuant to which the Plaintiffs and Defendant conducted business with one another. Upon information and belief, this relationship and the Agreements are referenced in one or more proofs of claim filed by the Defendant in these Chapter 11 Cases.

15. Plaintiffs seek to avoid all of the transfers of an interest in any the Plaintiffs' property made by Plaintiffs to Defendant during the Preference Period.

## COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(B)

16. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 15 above as if fully set forth herein.

17. During the Preference Period, Plaintiffs made transfers to, or for the benefit of, Defendant in the amounts set forth on **Exhibit 1**, which is incorporated by reference herein.

18. During the Preference Period, Defendant was a creditor of the Plaintiffs within the meaning of Section 547(b)(1) of the Bankruptcy Code at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which Plaintiffs was obligated to pay.

19. The Avoidable Transfers were transfers of an interest in Plaintiffs' property.

20. According to the Debtors' books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiffs to Defendant.

21. The Avoidable Transfers were made for or on account of antecedent debts owed by Plaintiffs and described in **Exhibit 1**.

22. The Avoidable Transfers were made while Plaintiffs were insolvent. The Plaintiffs are entitled to the presumption of insolvency for each Avoidable Transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code. Further, as evidenced by, among other things: (i) the Reorganized Debtors' bankruptcy petitions (publicly filed with the Bankruptcy Court [Docket No. 1]); and (ii) the proofs of claim that have been filed against the Reorganized Debtors' estates, the Plaintiffs' liabilities exceeded the value of the Reorganized Debtors' assets during the Preference Period.

23. Plaintiffs' general unsecured creditors will receive less than full value on account of their allowed claims against Plaintiffs' estates.

24. The Avoidable Transfers were made on or within ninety (90) days prior to the Petition Date.

25. The Avoidable Transfers enabled Defendant to receive more than it would receive if (a) the Plaintiffs' cases were under Chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

26. Defendant was either the initial transferee of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

27. By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

### COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

28. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 27 above as if fully set forth herein.

29. The Avoidable Transfers were made within two (2) years prior to the Petition Date.

30. The Avoidable Transfers were made to, or for the benefit of, the Defendant.

31. Subject to proof, Plaintiffs plead, in the alternative, that to the extent that Defendant demonstrates that one or more of the Avoidable Transfers were not on account of an antecedent debt or were prepayments for goods and/or services, Plaintiffs did not receive reasonably equivalent value in exchange for the Avoidable Transfers, either (a) because the value of the services and/or goods received was in fact less than the Avoidable Transfers or (b) because the Plaintiffs that made the Avoidable Transfers were not the debtors that received such goods and services and such Plaintiffs were: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with such Plaintiffs was unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; and/or (iii) intended to incur, or believed that it would incur, debts that would be beyond their ability to pay as such debts matured (the "**Potentially Fraudulent Transfers**").

32. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

### COUNT III - TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550

33. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

34. Plaintiffs are entitled to avoid the Avoidable Transfers pursuant to Section 547(b) of the Bankruptcy Code, or, alternatively, the Potentially Fraudulent Transfers (together, the "**Transfers**") pursuant to Section 548 of the Bankruptcy Code.

35. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

36. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiffs are entitled to recover from Defendant an amount to be determined at trial that is not less than the total amount of the Transfers, plus interest thereon to the date of payment and the costs of this action.

### COUNT IV - TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(D)

37. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

38. Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

39. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

40. Defendant has not paid to Plaintiffs the amount of the Transfers, or turned over such property to Plaintiffs, for which Defendant is liable under Section 550 of the Bankruptcy Code.

41. Pursuant to Section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Plaintiffs' estates, or Plaintiffs, must be disallowed until such time as Defendant pays to Plaintiffs all amounts sought herein.

**WHEREFORE,** for the foregoing reasons, Plaintiffs respectfully request that this Court enter judgment against Defendant:

a) avoiding all Avoidable Transfers pursuant to Section 547(b) of the Bankruptcy Code, or, in the alternative, pursuant to Section 548 of the Bankruptcy Code;

b) pursuant to Section 550(a) of the Bankruptcy Code, directing Defendant to pay to Plaintiffs an amount to be determined at trial that is not less than the full amount of the Transfers, plus interest and costs;

c) disallowing any Claim of Defendant pursuant to Section 502(d) of the Bankruptcy Code;

    d)    awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiffs' first demand to return all Avoidable Transfers to the date of judgment with respect to this Complaint (the "**Judgment**") herein;

    e)    awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

    f)    requiring Defendant to pay forthwith the amount of the Judgment; and

    g)    granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: Manchester, New Hampshire
September 28, 2016

GT ADVANCED TECHNOLOGIES INC., *et al.*
Chapter 11 Reorganized Debtors
By Their Attorneys:

**SULLIVAN & WORCESTER LLP**

/s/ Matthew E. Lane
Jeanne P. Darcey, Esq. (BNH07542)
Nathaniel R.B. Koslof, Esq. (BNH07544)
Matthew E. Lane, Esq. (BNH07537)
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
Telephone:  (617) 338-2800
Facsimile:   (617) 338-2880
Email: jdarcey@sandw.com
Email: nkoslof@sandw.com
Email: mlane@sandw.com

-and-

/s/ Jeffrey R. Gleit
Jeffrey R. Gleit, Esq. (BNH07543)
Andrew T. Solomon, Esq. (BNH07545)
Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019
Telephone:  (212) 660-3000
Facsimile:   (212) 660-3001
Email: jgleit@sandw.com
Email: asolomon@sandw.com

*Special Litigation Counsel for the Reorganized Debtors*

# **<u>Exhibit 1</u>**

**GT Advanced Technologies Inc., et al.**
**Case Number:** 14-11916
**Preference Period:** 7/8/2014 to 10/6/2014

| Vendor Name | Transferor | Payment Date | Payment Amount | Invoice Date | Invoice Number | Invoice Amount | Preference Exposure |
|---|---|---|---|---|---|---|---|
| **NAVIGANT** | GTAT Corp | 10/3/2014 | $ 9,796.50 | | | $ 9,796.50 | **$ 9,796.50** |

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.